UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HEATH DEMERCHANT, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:24-cv-00385-JAW |
| ) | |
| MAINE STATE PRISON, ) | |
| ) | |
| Defendant ) | |

### RECCOMMENDED DECISION ON MOTION TO DISMISS

Plaintiff, an inmate at the Mountain View Correctional Facility, filed suit against the Maine State Prison seeking to recover for injuries he sustained when other inmates allegedly assaulted him. (Complaint, ECF No. 1.) Defendant has moved to dismiss the complaint. (Motion, ECF No. 14.) Plaintiff did not file a response to the motion.[1]

After consideration of the issues raised in the motion, I recommend the Court grant Defendant's motion.

---

[1] Although District of Maine Local Rule 7(b) provides that a party's failure to oppose a motion to dismiss is a waiver of objection to the motion, where the record before the court permits the assessment of the merits of the motion, the failure to oppose should not be determinative. *See*, *e.g.*, *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) ("[A] court may not automatically treat a failure to respond to a 12(b)(6) motion as a procedural default."); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003) ("If the merits are at issue, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim.").

## FACTUAL BACKGROUND[2]

Plaintiff alleges that while incarcerated he was assaulted multiple times by other inmates over the course of three days. According to Plaintiff, he informed unknown correction officers of the danger he confronted, and they took no action to keep him safe.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, a court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, a plaintiff must establish that his allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim at issue. *Id.* The complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-

---

[2] The following facts are derived from Plaintiff's complaint.

JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff's complaint may be construed as asserting an Eighth Amendment claim under 42 U.S.C. § 1983. Although Plaintiff references in his complaint some unknown corrections officers, he has not asserted a claim against an individual. Plaintiff alleges his claim solely against the Maine State Prison.

The Maine State Prison, as an agency of the state of Maine, may not be sued by citizens in federal court, regardless of the form of relief requested, under the doctrine of sovereign immunity exemplified by the Eleventh Amendment. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009). Additionally, while a federal district court would have jurisdiction under the Civil Rights Act over claims against persons exercising state authority, § 1983 does not authorize claims against the state or its agencies. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989); *see also Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir.2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity."). Plaintiff, therefore, cannot proceed on his claim against the Maine State Prison.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendant's motion to dismiss.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

   Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of May, 2025.