UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HEATH DEMERCHANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:24-cv-00385-JAW |
| ) | |
| MAINE STATE PRISON, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON RECOMMENDED DECISION**

A federal magistrate judge recommends a federal district court grant the Maine State Prison's motion to dismiss an incarcerated individual's complaint against it, on the ground that the complaint fails to state a claim upon which relief can be granted. Having performed a de novo review, the court affirms the magistrate judge's recommended decision over the plaintiff's objection, and accordingly grants the defendant's motion to dismiss, concluding the plaintiff's complaint and objection do not state a colorable claim against the Maine State Prison plausibly entitling him to relief under 42 U.S.C. § 1983.

**I.   BACKGROUND**

On November 12, 2024, Heath DeMerchant filed a civil complaint against the Maine State Prison (MSP), alleging that, while incarcerated at Mountain View Correctional Facility in Charleston, Maine, he was assaulted multiple times by fellow inmates and that corrections officers took no actions to keep him safe despite their knowledge of the danger he confronted. *Form to Be Used in Filing a Compl. Under*

*the Civ. Rights Act, 42 U.S.C. § 1983, With Jurisdiction Under 28 U.S.C. § 1343* (ECF No. 1) (*Compl.*).[1]

On March 21, 2025, the MSP moved to dismiss Mr. DeMerchant's complaint against it pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that it "is not a proper defendant because it is not a person subject to suit under [42 U.S.C.] § 1983." *Def.'s Mot. to Dismiss* at 1 (ECF No. 14).  Mr. DeMerchant did not respond.

The Magistrate Judge recommended the Court grant the MSP's motion to dismiss on May 5, 2025.  *Recommended Decision on Mot. to Dismiss* (ECF No. 15) (*Rec. Dec.*).  Because the Magistrate Judge reviewed the motion to dismiss under 28 U.S.C. § 636(b)(1)(B), Mr. DeMerchant has a statutory right to de novo review by the district judge upon filing an objection within fourteen days of being served.  28 U.S.C. § 636(b)(1)(C).  He timely objected on May 22, 2025.  *Obj. to Rep. and Recommended Decision* (ECF No. 16) (*Pl.'s Obj.*).

## II. THE PARTIES' POSITIONS

### A. The Magistrate Judge's Recommended Decision

The Magistrate Judge recommends the Court grant the Defendant's motion to dismiss the complaint for failure to state a claim on which relief can be granted.  *Def.'s Mot. to Dismiss*.  As an initial matter, the Magistrate Judge observes that although District of Maine Local Rule 7(b) provides that a party's failure to oppose a motion to

---

[1] Mr. DeMerchant had some difficulty complying with the requirements for a completed application for in forma pauperis status.  However, on January 21, 2025, he filed a proper application and on January 22, 2025, the Magistrate Judge granted in forma pauperis status to Mr. DeMerchant.  *Appl. to Proceed Without Prepayment of Fees and Aff.* (ECF No. 7); *Order Granting Mot. to Proceed Without Prepayment of Fees and Costs* (ECF No. 8).  Mr. DeMerchant's difficulties complying with the in forma pauperis requirements has not affected the Court's decision to affirm the recommended decision.

dismiss is a waiver of any objection to the same, "where the record before the court permits the assessment of the merits of the motion, the failure to oppose should not be determinative." *Id.* at 1 n.1 (citing *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) ("[A] court may not automatically treat a failure to respond to a 12(b)(6) motion as a procedural default"); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003) ("If the merits are at issue, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim")).

Following this instruction, the Magistrate Judge proceeds to the merits and construes Mr. DeMerchant's complaint as asserting a violation of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *Id.* at 3. With this framing, the Magistrate Judge observes, "[a]lthough Plaintiff references in his complaint some unknown corrections officers, he has not asserted a claim against an individual [and] . . . alleges his claim solely against the Maine State Prison." *Id.* This, the Magistrate Judge determines, is a fatal flaw, because "[t]he [MSP], as an agency of the state of Maine, may not be sued by citizens in federal court, regardless of the form of relief requested, under the doctrine of sovereign immunity exemplified by the Eleventh Amendment." *Id.* (citing *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n.6 (1st Cir. 2009)). "Additionally," the Magistrate Judge notes, "while a federal district court would have jurisdiction under the Civil Rights Act over claims against persons exercising state authority, § 1983 does not authorize claims against states or its

3

agencies." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)); *Nieves-Marquez v. Puerto Rico*, 353 108, 124 (1st Cir. 2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity")). Based on the foregoing, the Magistrate Judge recommends the Court grant the Defendant's motion to dismiss. *Id.*

### B. Heath DeMerchant's Objection

Mr. DeMerchant's objection reports that "[he] received . . . a Recommended Decision of Motion to Dismiss on behalf of the Defendant the Maine State Prison," and proceeds to explain that inmates' "mail goes to the [MSP] in Warren[,] Maine then it[']s scanned there and then photocopied and then it undergoes this facilities process and finall[y] sent or handed out to [the] residents," commenting "it[']s quite a process." *Pl.'s Obj.* at 1. Plaintiff writes that "[he] do[es not] want this matter dismissed for any reason at all," telling the Court "[he] ha[s] no lawyer helping [him] with all of this[,] [he] do[es] it all by [him]self and as soon as [he] receive[s] any paperwork from [the Court] [he] write[s] back as soon as possible." *Id.*

Mr. DeMerchant next recounts the assault described in his complaint, telling the Court he "went through all the proper channels to try and keep [him]self safe," but his "attempts were ignored," and he suffers from "severe physical and emotional

damage" as a result. *Id.* He again states that "[t]his happened at the prison in Warren not any other facilities in Maine." *Id.* at 2.

## III. LEGAL STANDARD

The Plaintiff timely filed an objection to the Magistrate Judge's Recommended Decision, and the Court thus "shall make a de novo determination of those portions of the . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* 28 U.S.C. § 636(b)(1)(B). At the same time, the Court is "only obliged to perform de novo review of disputed portions of the report and recommendation." *United States v. J.C.D.*, 861 F.3d 1, 6 (1st Cir. 2017). Under this standard, the Court reviews factual findings for clear error, *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999), and gives plenary review to pure questions of law. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).

## IV. DISCUSSION

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record. Having made a de novo determination of "disputed portions of the report and recommendation," the Court affirms the Recommended Decision of the Magistrate Judge over the Plaintiff's objection and determines that no further proceedings are necessary. *See J.C.D.*, 861 F.3d at 6.

The Magistrate Judge logically reads Mr. DeMerchant's complaint as raising an Eighth Amendment violation pursuant to 42 U.S.C. § 1983. *See Rec. Dec.* at 3; *Compl.* at 1. 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

5

> subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. It is black letter law that § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under § 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

However, to state a valid claim under § 1983, a complaint must bring such allegations against a "person" acting under color of state law. 42 U.S.C. § 1983. It is well settled that neither a state nor its agencies are "persons" within the meaning of § 1983. *See, e.g.*, *Poirier*, 558 F.3d at 97 & n.6; *Will,* 491 U.S. at 64, 70-71; *Nieves-Marquez*, 353 F.3d at 124 ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity"). The MSP is not a "person" for purposes of § 1983 and, consequently, Mr. DeMerchant has failed to state a cognizable § 1983 claim against the Defendant. *See Commeau v. Maine*, Civil No. 9-361-B-W, 2009 U.S. Dist. LEXIS 87124, at *2-3 (D. Me. Aug. 28, 2009) (dismissing complaint seeking relief against the state of Maine, the Maine

Department of Corrections, and Maine State Prison pursuant to 42 U.S.C. § 1983 because none are "persons" within the meaning of that statute); *Brensinger v. Hunnewell*, 1:14-CV-00011-GZS, 2014 U.S. Dist. LEXIS 85117, at *4 n.4 (D. Me. May 22, 2014) ("Plaintiff cannot prevail against Defendant Maine State Prison under 42 U.S.C. § 1983 because the State is not a 'person' under § 1983")); *see also Humphrey v. Me. State Prison*, Civil No. 05-63-B-W, 2005 U.S. Dist. LEXIS 17389, at *3-4 (D. Me. Aug. 19, 2005) ("The Maine State Prison is neither an agency nor a legal entity which can sue or be sued") (quoting *Clark v. Me. Dept. of Corrs.*, 463 A.2d 762, 765 (Me. 1983)). Based on the foregoing, the Court affirms the Magistrate Judge's recommendation that the Court grant MSP's motion to dismiss for failure to state a claim upon which relief can be granted. *Rec. Dec.* at 1-3.

One additional issue warrants discussion. As noted, Mr. DeMerchant's objection to the Recommended Decision begins by describing the prison mail system. *See Pl.'s Obj.* at 1. Although Mr. DeMerchant does not explain his purpose for including this information, the Court, consistent with the First Circuit's instruction to district courts reviewing pro se pleadings to construe these submissions liberally, *see Sanchez v. Brown Univ.*, No. 23-1983, 2024 U.S. App. LEXIS 15530, at *1 (1st Cir. 2024) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), interprets this language as offering an explanation for why the Plaintiff did not file a response to MSP's motion to dismiss. However, this liberal reading does not alter the Court's determination that dismissal is warranted, for a simple reason, which is that the Magistrate Judge did not recommend dismissal based on Mr. DeMerchant's failure to respond to the

7

motion to dismiss. *Rec. Dec.* at 1 n.1. Instead, consistent with First Circuit authority, the Magistrate Judge proceeded to consider the merits of the Plaintiff's claim against the MSP, as pleaded in his complaint. *Id.* (citing, e.g., *Vega-Encarnacion*, 344 F.3d at 41 ("If the merits are at issue, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim")). Thus, the Magistrate Judge recommended dismissal based not on Mr. DeMerchant's failure to respond, but on the determination of the insufficiency of the allegations in his complaint in attempting to state a claim against the Maine State Prison. *Id.* at 1-3.

## V.  CONCLUSION

Having performed a de novo review pursuant to 28 U.S.C. § 363(b)(1)(B), the Court AFFIRMS the Recommended Decision on Motion to Dismiss (ECF No. 15), OVERRULES the Objection to Report and Recommended Decision (ECF No. 16), GRANTS the Defendant's Motion to Dismiss (ECF No. 14), and accordingly DISMISSES without prejudice Heath DeMerchant's complaint, Form to be Used by a Prisoner in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, With Jurisdiction Under 28 U.S.C. § 1343 (ECF No. 1).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of June, 2025